UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHARON ASKA-ABRAMSON,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-22-981 |
| **WAL-MART STORES EAST, LP,** *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

On March 29, 2022, Plaintiff Sharon Aska-Abramson initiated this action in the Circuit Court for Baltimore County, Maryland against Defendants Wal-Mart Stores East, LP and Walmart Inc. (collectively, Walmart), alleging negligence arising from a slip and fall at a Walmart store, and seeking in excess of $75,000 in damages. ECF No. 1-1. On April 22, 2022, Walmart removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. Pending before the Court is Walmart's Motion for Summary Judgment (ECF No. 29), which is fully briefed (ECF Nos. 32, 33). No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, Walmart's motion is granted.

I.      **Background**

Ms. Aska-Abramson alleges in her Complaint that on January 4, 2021, she visited a Walmart store in Randallstown, Maryland. ECF No. 2 ¶ 7. Ms. Aska-Abramson alleges that while walking in the store, "her foot contacted grease and/or liquid substance on the floor," causing her to fall and sustain "severe and painful injuries to her head, body, and limbs . . . to suffer shock to her nerves and nervous system[,] as well as mental anguish." *Id.* at ¶¶ 8, 12. Ms. Aska-Abramson alleges two counts of negligence, one count against each Defendant, based on their alleged failure to maintain the premises free of hazards, to remove any hazards or liquid substances, and to warn Ms. Aska-Abramson of the hazard. *Id.* at ¶¶ 11, 17.

Ms. Aska-Abramson testified at her deposition that the incident occurred after she had been in the Walmart store for approximately 20 minutes. ECF No. 29-2 at 3.[1] She had parked her cart near the produce section and was walking towards the deli section while carrying a small bottle of juice and a rotisserie chicken. *Id*. at 3-4, 7-8. The "next thing [she knew], [Ms. Aska-Abramson] fell, slipped out, up in the air and then bam on top of the shelf that was there in front of the deli." *Id.* at 5.

Neither Ms. Aska-Abramson nor any Walmart employee observed anything on the floor before or after the incident. Ms. Aska-Abramson testified that she did not see anything before she fell. *Id.* at 7. After she fell, she looked on the floor and "[i]t seem[ed] like it had something either sticky or greasy or something on the floor, but it wasn't that visible." *Id.* at 6-7. She also testified that the floor "looked like it had a little spot of something," but she did not "know what it was." *Id.* at 9. Ms. Aska-Abramson did not know how the substance came to be on the floor or how long it had been there. *Id.* at 16-17. Ms. Aska-Abramson produced two photographs that she took of the alleged substance on the floor, but nothing is visible in either photograph. ECF No. 29-3; *see also* ECF No. 29-2 at 12-16 (deposition testimony discussing the photographs). Ms. Aska-Abramson suggested that the lighting in the photographs made it difficult to see the substance. ECF No. 29-2 at 13.

Andrea Smith, a Walmart Deli Bakery Team Lead, testified at her deposition that after the incident she examined the area where Ms. Aska-Abramson had fallen but did not find anything. ECF No. 29-5 at 3. Ms. Smith testified that "[t]here was nothing on the floor" and there was no liquid. *Id.* Marion Smith, a Walmart baker, testified at her deposition that she was working in an area about 5 to 10 steps away from where Ms. Aska-Abramson fell at the time of

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

the incident. ECF No. 29-7 at 2-3. She had been in that position for about 10 to 15 minutes before the incident, she had looked in the direction of where Ms. Aska-Abramson fell, and she had not observed anything in that area. *Id*. at 4-5. After the incident, Marion Smith looked around on the floor to see what had caused Ms. Aska-Abramson's fall but she "didn't see anything on the floor." *Id.* at 5. She did not see any liquid or anything of that nature. *Id.* The Walmart manager on duty responded to the incident but testified during his deposition that he "d[id] not remember the incident." ECF No. 29-6 at 3.

## II.     Standard of Review

Summary judgment motion practice "is properly regarded . . . as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Federal Rule of Civil Procedure 56 provides that the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original). A material fact is one that "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Thus, to defeat summary judgment, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat. Bank of Ariz.* v. *Cities Serv. Co.*, 391 U.S. 253,

288-289 (1968).  On the other hand, summary judgment "is justified if, from the totality of the evidence presented, including pleadings, depositions, answers to interrogatories, and affidavits, the court is satisfied that there is no genuine factual issue for trial and the moving party is entitled to judgment as a matter of law."  *Sylvia Dev. Corp.* v. *Calvert C'nty, Md.*, 48 F.3d 810, 817 (4th Cir. 1995).

The Fourth Circuit has cautioned that summary judgment "cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits."  *Jacobs* v. *N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568-569 (4th Cir. 2015) (quoting 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 2728 (3d ed. 1998)).  At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.  In doing so, the district court "must view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [its] favor without weighing the evidence or assessing the witnesses' credibility."  *Baynard* v. *Malone*, 268 F.3d 228, 234-235 (4th Cir. 2001).

**III.    Discussion**

Ms. Aska-Abramson alleges that Walmart breached its duty to protect her, an invitee, from any unreasonable dangers on the premises and failed to warn her of such dangers.  ECF No. 2 ¶¶ 11, 17.  Walmart argues that summary judgment is appropriate because Ms. Aska-Abramson has failed to show that it negligently caused her fall.  ECF No. 29-1 at 5.  Specifically, Walmart contends that it did not negligently create the dangerous condition and it did not have actual or constructive notice of the condition.  *Id.* at 6-9.

In an action brought under a federal court's diversity jurisdiction, the court is to apply the substantive law of the state in which it sits.  *Mathis* v. *Terra Renewal Serv. Inc.*, 69 F.4th 236,

242 (4th Cir. 2023); *Lewis* v. *Waletzky*, 422 Md. 647, 657 (2011). In Maryland, "[t]he elements of a cause of action for negligence are (1) a legally cognizable duty on the part of the defendant owing to the plaintiff, (2) a breach of that duty by the defendant, (3) actual injury or loss suffered by the plaintiff, and (4) that such injury or loss resulted from the defendant's breach of the duty." *Green* v. *N. Arundel Hosp. Ass'n, Inc.*, 366 Md. 597, 607 (2001).

In the context of premises liability, a property owner's duty of care to one who enters the property depends upon the entrant's legal status. *Baltimore Gas & Elec. Co.* v. *Flippo*, 348 Md. 680, 688 (1998); *Rivas* v. *Oxon Hill Joint Venture*, 130 Md. App. 101, 109 (2000). Maryland law recognizes four classifications of entrants: "an invitee (*i.e.*[,] a business invitee), a licensee by invitation (*i.e.*, a social guest), a bare licensee, or a trespasser." *Tennant* v. *Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 387-388 (1997). "The highest duty is owed to a business invitee, defined as 'one invited or permitted to enter another's property for purposes related to the landowner's business.'" *Id.* at 388 (quoting *Casper* v. *Chas. F. Smith & Son, Inc.*, 71 Md. App. 445, 457 (1987), *aff'd*, 316 Md. 573 (1989)). A store owner is not, however, an insurer of the safety of customers, *i.e.*, business invitees, and there is no presumption of negligence on the part of the owner merely from the fact that a customer sustained an injury in the owner's store. *Giant Food, Inc.* v. *Mitchell*, 334 Md. 633, 636 (1994); *Moulden* v. *Greenbelt Consumer Serv., Inc.*, 239 Md. 229, 232 (1965). A store owner must only "exercise reasonable care to 'protect the invitee from injury caused by an unreasonable risk' that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care." *Tennant*, 115 Md. App. at 388 (quoting *Casper*, 71 Md. App. at 457). Thus, to sustain a negligence cause of action in a premises liability case, the business invitee must show that the store owner created the

dangerous condition or had actual or constructive knowledge that it existed. *Moulden*, 239 Md. at 232; *Rehn* v. *Westfield Am.*, 153 Md. App. 586, 593 (2003); *Tennant*, 115 Md. App. at 389.

Here, the record is devoid of any evidence that Walmart negligently created or had actual knowledge of a dangerous condition in its store. Indeed, Ms. Aska-Abramson concedes as much in her opposition to Walmart's motion in which she argues only that Walmart "was on constructive notice of the dangerous condition prior to Plaintiff's fall." ECF No. 32 at 1; *see also id.* at 3. Ms. Aska-Abramson testified that after she fell, she thought it looked like the floor had "a little spot of something" that "wasn't that visible." ECF No. 29-2 at 6-7. There is no suggestion that a Walmart employee created this condition. *See* pp. 2-3, *supra*; ECF No. 32. There is also no evidence that any Walmart employee had actual knowledge of this condition before the incident. *See* pp. 2-3, *supra*; ECF No. 32. Marion Smith, who was 5 to 10 steps away from the area where Ms. Aska-Abramson fell for about 10 to 15 minutes before the incident, testified that she had looked in the direction of where Ms. Aska-Abramson fell and had not observed anything in that area. ECF No. 29-7 at 4-5. There is no additional evidence that any Walmart employee knew of the alleged dangerous condition before the incident. Thus, the only remaining question is whether Walmart had constructive knowledge of a dangerous condition that caused Ms. Aska-Abramson's injuries.

Ms. Aska-Abramson bears the burden of establishing Walmart's constructive knowledge, which includes a showing of "how long the dangerous condition existed." *Joseph* v. *Bozzuto Mgmt. Co.*, 173 Md. App. 305, 316 (2007); *see also Moulden*, 239 Md. at 232. The rationale for this requirement is that when a plaintiff relies on constructive knowledge, the invitee "must demonstrate that defective condition existed long enough to permit one under a duty to inspect to discover the defect and remedy it prior to the injury." *Joseph*, 173 Md. App. at 316-317 (emphasis removed); *see also Tennant*, 115 Md. App. at 389-390 ("The mere existence of a

defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it.") (quoting W. PAGE KEETON, *et al.*, PROSSER AND KEETON ON THE LAW OF TORTS, § 61, at 426 (5th ed. 1984)). Accordingly, a store owner charged with failing to maintain the premises in a reasonably safe condition is entitled to summary judgment if there is no evidence showing that the hazardous condition existed long enough for the owner to remedy the hazard or warn of its existence. *Zilichikhis* v. *Montgomery C'nty*, 223 Md. App. 158, 187 (2015).

To demonstrate constructive knowledge, it is critical that the invitee produce "time on the floor" evidence showing how long the dangerous condition has existed. *Id.*; *Joseph*, 173 Md. App at 316-317. A plaintiff must produce "time on the floor" evidence because Maryland does not follow the mode-of-operation rule. *Maans* v. *Giant Of Maryland, L.L.C.*, 161 Md. App. 620, 639-640 (2005). Under that rule, a plaintiff is not required to prove constructive notice if the store owner could reasonably anticipate that hazardous conditions would regularly rise. *Id.* at 637. Maryland courts have consistently rejected the mode-of-operation rule. *See, e.g.*, *Benson* v. *ALDI, Inc.*, No. 779, Sept. Term, 2018, 2019 WL 5704532, at *8 (Md. Ct. Spec. App. Nov. 5, 2019); *Zilichikhis*, 223 Md. App. at 191. The reason being that without "time on the floor" evidence, a business owner could potentially be held liable even though there is no way of determining if there was anything the business owner could have done to avoid the injury. *Maans*, 161 Md. App. at 639-640 ("Doing away with the requirement that the invitee must prove how long the dangerous condition existed pre-injury is the functional equivalent of doing away with the requirement that the plaintiff prove that the defendant's negligence was the proximate cause of the plaintiff's injury.").

Thus, Maryland courts have affirmed summary judgment or a directed verdict in cases that relied on constructive knowledge and there was no "time on the floor" evidence. *E.g.*,

*Moulden*, 239 Md. at 233 (affirming directed verdict where there was only evidence of the color and location of the bean, but no evidence as to how long the bean had been on the floor); *Lexington Mkt. Auth.* v. *Zappala*, 233 Md. 444, 446 (1964) (holding that there was insufficient evidence of constructive notice where the plaintiff testified she did not see any oil when she first parked the car and/or when she returned and fell two hours later); *Zilichikhis*, 223 Md. App. at 188 (affirming summary judgment where plaintiff slipped and fell on a spot of oil inside a parking garage, but only testified that "there is no way for me to know when that oil got there"); *Joseph*, 173 Md. App. at 315-319 (affirming summary judgment where plaintiff produced no evidence of how long the oily substance was on stairs before she fell); *Rehn*, 153 Md. App. at 599-600 (affirming summary judgment where the spilled substance was on the floor for less than four minutes).

      Viewing the evidence in the light most favorable to Ms. Aska-Abramson and making all inferences in her favor, Walmart is entitled to judgment as a matter of law because Ms. Aska-Abramson has failed to show that Walmart had constructive knowledge that an unreasonable risk or dangerous condition existed.  To establish constructive notice, Ms. Aska-Abramson relies on the fact that Walmart employee Marion Smith was in the area where Ms. Aska-Abramson fell for 10 to 15 minutes before the incident.  This contention cannot carry Ms. Aska-Abramson's burden because under Maryland law an employee's proximity does not warrant any inference of constructive notice.  *Lusby* v. *Balt. Transit*, 195 Md. 118, 122-123 (1950) (affirming judgment in favor of the defendants on a bus passenger's slip-and-fall claim where constructive notice was based on the bus driver's proximity to the spill due to lack of "time on the floor" evidence); *see also Maans*, 161 Md. App. at 632, 632 n.5 (rejecting plaintiff's argument that the store cashiers' proximity to the spill was sufficient to establish constructive notice).  Therefore, the proximity of Marion Smith to the site of the fall does not remedy Ms. Aska-Abramson's failure to produce

"time on the floor" evidence and precludes her claim. There is no evidence of how long the substance had been on the floor before Ms. Aska-Abramson fell. Any finding that Defendants saw or should have seen the substance would rest on "pure conjecture and not on reasonable inference." *Moulden*, 239 Md. at 233 (internal quotation marks and citation omitted).

## IV.     Conclusion

For the foregoing reasons, Walmart's Motion for Summary Judgment (ECF No. 29) is granted. A separate Order follows.


Date: August 5, 2024                                     /s/
                                              Erin Aslan
                                              United States Magistrate Judge